

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

Nos. 04-18-00509-CV & 04-18-00844-CV

**TITLE SOURCE, INC.**, et al.,
Appellants

v.

**HOUSECANARY, INC.** f/k/a Canary Analytics, Inc.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-06300
Honorable David A. Canales, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice
Concurring Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: July 10, 2019

I agree this court has jurisdiction to consider the first appeal. I also agree the trial court erred in sealing the exhibits but for different reasons than those provided in the majority's analysis.[1] Accordingly, I concur in the judgment reversing the trial court's order in the first appeal for the reasons briefly stated below.

Section 134A.006 of the Texas Uniform Trade Secrets Act ("TUTSA") provides:

> In an action under this chapter, a court shall preserve the secrecy of an alleged trade secret by reasonable means. There is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets. Protective orders

---

[1] I also agree the second appeal is moot.

may include provisions limiting access to confidential information to only the attorneys and their experts, holding in camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.

TEX. CIV. PRAC. & REM. CODE ANN. § 134A.006(a). The Texas Supreme Court has stated a trial court's duty under TUTSA is to "take reasonable measures to protect trade secrets." *In re M-I L.L.C.*, 505 S.W.3d 569, 578 (Tex. 2016). In my opinion, when the trial court signed the stipulated protective order ("SPO"), it satisfied its duty to take "reasonable measures" to "preserve the secrecy of trade secrets." Accordingly, I believe we must look to the SPO to determine if the trial court abused its discretion in granting HouseCanary's motion to seal.

The SPO contains specific provisions protecting "Confidential Information" which extended "through the conclusion of the litigation." The term "Confidential Information" was specifically, and properly, defined as not including "information, documents, or tangible things that have been publicly disclosed." Although the SPO provides procedures for protecting trial testimony from public disclosure, it also states "the protections conferred by this Order do not cover . . . any information that . . . becom[es] part of the public record through trial." While I disagree that exhibits are "filed" when they are offered and admitted into evidence during trial, once exhibits are admitted into evidence and discussed in open court, the exhibits have been "publicly disclosed" and have become "part of the public record." And, "[i]t is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" *Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (quoting *Nat'l Polymer Prods. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981)).

The SPO further provides "[A]ny use of Protected Material at trial shall be governed by a separate agreement or order." Here, the exhibits offered and admitted into evidence were, in my

opinion, "used" at trial. "TUTSA expressly requires that a trade secret owner take 'reasonable measures under the circumstances to keep the information secret.'" *BCOWW Holdings, LLC v. Collins*, No. SA-17-CA-00379-FB, 2017 WL 3868184, at *15 (W.D. Tex. Sept. 5, 2017) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 134A.002(6)). Accordingly, when HouseCanary used the exhibits at trial, it was required to take reasonable measures to keep the information secret by obtaining a separate agreement or order.

HouseCanary argues the exhibits were not publicly disclosed because they were temporarily sealed during trial. Thus, HouseCanary contends that the trial court (without signing a written order or even telling the parties) temporarily sealed the exhibits. It relies for this argument on statements by the trial court at the hearing on HouseCanary's post trial Motion to Seal. I disagree with HouseCanary's interpretation of the trial court's statements.

The trial court's actual explanation to the parties was that it limited public access to all exhibits during trial because the court was unsure what exhibits were covered by sealing orders previously entered by other judges in the case. Given the large number of trial exhibits, the trial court did not want to risk permitting public access to something that was already sealed. However, the trial court also stated that it did not want to prevent access to anything that the public had a right to see. Clearly, the trial court had not given individual consideration to any of the exhibits, but rather placed a blanket "hold" on them all. I do not believe this can be construed to be a temporary sealing order even under section 134A.006. Instead, I believe the trial court's action was a matter of expediency, understandably undertaken in an abundance of caution.

Similarly, after denying HouseCanary's motion to seal, the trial court stated that it would segregate the exhibits HouseCanary sought to seal and would not release them to the media or public while HouseCanary considered whether to seek mandamus review and emergency relief. But, the trial court expressly stated it was not sealing those records. This demonstrates the trial

court did not consider its temporary protection of exhibits, either during trial because of uncertainty about prior sealing orders, or after denying the motion to seal because of a potential mandamus stay, to be a sealing of those exhibits.

Because HouseCanary used the exhibits at trial without obtaining a separate agreement or order to protect their secrecy and because the exhibits were "publicly disclosed" in open court, I believe the trial court erred in sealing the exhibits some six weeks after the trial.  For these reasons, I concur in the judgment.

Sandee Bryan Marion, Chief Justice